IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: Application of JOE E COOPER,
JUDO HOLDING INVERSIONES, SA and                    3:08mc98/MCR/MD
INVERSIONES DEL RINCON CANO FRIO,
JC, SA for Assistance Before Foreign Tribunals

---

### O R D E R

On March 10, 2009, applicants filed a motion to compel compliance with subpoena duces tecum and for an award of attorneys' fees and costs and an order of contempt. (Doc. 10). They claimed that Carl and Karol Gartley had failed to produce documents served in response to subpoenas served on January 14, 2009. The court granted the applicants' motion on March 25, 2009. (Doc. 12). Carl and Karol Gartley were directed to produce the requested documents within twenty days. Subsequently, on March 30, 2009, counsel for the applicants filed email correspondence dated March 26 and March 27 received from the Gartleys in which they essentially contested this court's jurisdiction over them. (Doc. 14). The court then entered an order directing the applicants to show proof that the court has personal jurisdiction over the Gartleys. (Doc. 15). The applicants' response is now before the court. (Doc. 20).

To the extent Carl Gartley's email of either March 26 or March 27 can be construed as a "objection" to the request for production, such an objection is untimely. Federal Rule of Civil Procedure 45(c)(2)(B) provides that a person commanded to produce documents or tangible things must serve objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Furthermore, the basis for the objection is unclear, as the Gartleys have already attempted to comply. The first of the two

emails to applicants' counsel also indicates that counsel should have received the requested documents from the Gartleys' attorneys in the Dominican Republic. (Doc. 14, exh. A at 2). Counsel for the applicants responded indicating that the documents had not arrived. To the extent the Gartleys continue to object that the documents are not in their custody, if the documents are in the possession of their attorneys in the Dominican Republic, which appears to be the case as reflected in the email of March 26, they are within the Gartleys' "possession custody, or control" within the meaning of Fed.R.Civ.P. 45(a)(1)(A)(iii), and are therefore subject to production. Finally, it is clear that the Gartleys were served with the subpoena. Therefore, if they wished to contest this court's personal jurisdiction over them, they had 20 days in which to do so. Having failed to do this, any objection is waived.

Accordingly, it is ORDERED:

To the extent they have not yet done so, the Gartleys shall produce the documents requested within twenty (20) days of being served with a copy of this order. Service of this order will be made by counsel for the applicants, with proof of service filed with the court. Counsel must serve a copy of this order to the Gartleys at the email address the Gartleys have been using.

DONE AND ORDERED this 12th day of May, 2009.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**